# GIBSON DUNN

Thomas H. Dupree
Partner
T: +1 202.955.8500
tdupree@gibsondunn.com

April 17, 2026

<u>VIA CM/ECF</u>

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Re:     **Rule 28(j) Letter**
        *State of Nevada v. Blockratize Inc. d/b/a Polymarket et al.*, No. 26-1343

Dear Ms. Dwyer:

Today's Supreme Court decision in *Chevron USA Inc. v. Plaquemines Parish*, No. 24-813, confirms Defendants are likely to succeed on the merits of their appeal. This Court should grant Defendants' stay motion.

In *Plaquemines*, Chevron invoked federal officer removal, 28 U.S.C. § 1442(a), in a suit implicating "Chevron's crude-oil production during the Second World War," when Chevron "refined crude oil into aviation gasoline for the U.S. military." Op.1. The Supreme Court held that the suit was "'for or relating to' [Chevron's] performance of its federal duties." Op.12.

*Plaquemines* underscores why federal-officer removal here was proper. *First*, the Supreme Court abrogated this Court's causal-nexus test, holding that "[t]he phrase 'relating to' sweeps broadly" and encompasses "'indirect'" connections that are not "strict[ly] causal." Op.7; *see also* Jackson Concurrence.2 (the decision "jettison[s]" the "causal-nexus test"). "Accordingly, a removing defendant need not show that his federal duties specifically required or strictly caused the challenged conduct." Op.7-8. Because Defendants satisfied the causal-nexus test, they necessarily satisfy the Supreme Court's looser standard. *See* Mot.17.

*Second*, the Supreme Court rejected Louisiana's argument—echoed by Nevada here—that "the federal removal statue requires that the defendant was 'acting under' a federal officer in taking the specific actions challenged in the suit." Op.11; *see* Resp.13-14. Rather, removal is appropriate if the suit "'relate[s] to'" a defendant's "federal duties." Op.11; *see also* Op.12 (same). And "the ordinary meaning of 'relating to' does not require the defendant to show that his federal duties specifically invited his challenged conduct." Op.11. This suit relates to *all* Polymarket US's federal duties, because it expressly seeks to shut down Polymarket US in Nevada entirely. Mot.17.

*Finally*, the Supreme Court admonished that courts must "credit plausible factual allegations by the removing party." Op.9. But here, the State's argument that this case does "not involve

# GIBSON DUNN

April 17, 2026
Page 2

delegated rulemaking authority" impermissibly rests on *the State's* view of what "[t]his case is about." Resp.12 (citing complaint). Defendants plausibly alleged—and the district court should have credited—that Nevada's "claims directly target the ways Polymarket US exercises its delegated authority and assists the CFTC in supervising federally regulated markets." 2App220; *see* Reply.6.

Respectfully submitted,

*/s/ Thomas H. Dupree Jr.*
Thomas H. Dupree Jr.

GIBSON, DUNN & CRUTCHER LLP
*Counsel for Defendants-Appellants Blockratize Inc. d/b/a Polymarket; QCX LLC d/b/a Polymarket US; and Adventure One QSS Inc. d/b/a Polymarket*