CRAIG A. NEWBY
*First Assistant Attorney General*

CHRISTINE JONES BRADY
*Assistant Attorney General*

# AARON D. FORD
*Attorney General*



LESLIE NINO PIRO
*General Counsel*

HEIDI PARRY STERN
*Solicitor General*

## STATE OF NEVADA

### OFFICE OF THE ATTORNEY GENERAL

1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119

April 22, 2026

Via ECF

Molly Dwyer, Clerk of Court
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

Re: *State of Nevada v. Blockratize Inc. d/b/a Polymarket et al.*, No. 26-1343

Dear Ms. Dwyer:

I write in response to Polymarket's letter about *Chevron USA Inc. v. Plaquemines Parish*, No. 24-813 (U.S. Apr. 17, 2026). That decision has no bearing on Polymarket's likelihood of success on appeal, or any other factor relevant to its stay motion.

Polymarket sought to remove this case under 28 U.S.C. § 1442, the federal-officer-removal statute. To invoke that statute, the defendant must show that (1) it is a federal officer or person "acting under" a federal officer; (2) the plaintiff's claims are "for, or relating to" an act under color of federal office; and (3) the defendant raised a colorable federal defense. *See* Op. 2.

*Chevron* addressed only the second requirement. *See* Op. 1-2, 7 n.2, 10 n.5. To satisfy that requirement, the Supreme Court explained, a defendant need show only a "close relationship" between its federal duties and the plaintiff's claims, and not that the federal duties "specifically required or strictly caused the challenged conduct." *Id.* at 8-9.

*Chevron* does not aid Polymarket, because this appeal does not turn on the second requirement. Instead, the parties' dispute centers on the first requirement—whether Polymarket is "acting under" a federal officer. 1App17. As the district court correctly held, Polymarket is not acting under a federal

Molly Dwyer, Clerk of Court
Page 2
April 22, 2026

officer when it self-certifies its own contracts and offers them for trading; instead, it is merely complying with federal law.  1App19-20.

   Polymarket argues that because Nevada seeks to "shut down" its designated contract market, this lawsuit is sufficiently related to other, unspecified conduct as to which Polymarket claims it is acting under a federal officer. That is wrong.  Nevada does not seek to shut Polymarket down entirely; rather it seeks only to ensure that Polymarket complies with Nevada gaming law in offering its contracts.

   Finally, Polymarket argues that the Court should credit its assertion that it is acting under a federal officer.  But that is not a factual allegation; it is a legal conclusion, which the district court correctly rejected and which *Chevron* does not support.

<div style="margin-left:40%">

Respectfully,
*/s/ Jessica E. Whelan*
Jessica E. Whelan
Chief Deputy Solicitor General—Litigation
(702) 486-3420
jwhelan@ag.nv.gov

</div>