UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



STATE OF NEVADA, ex rel. Nevada
Gaming Control Board,

        Plaintiff - Appellee,

  v.

BLOCKRATIZE, INC., doing business as
Polymarket; et al.,

        Defendants - Appellants.

No. 26-1343

D.C. No.
3:26-cv-00089-MMD-CLBDistrict
of Nevada,
Reno

ORDER

Before: R. NELSON, BADE, and LEE, Circuit Judges.

Polymarket's motion for a stay pending appeal (Dkt. 5) is **DENIED**. The four discretionary stay factors to weigh are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted). The first two factors are the most critical. *Id.*

Polymarket has not made a "strong showing that [it] is likely to succeed on the merits" of its argument that this court has federal question jurisdiction. *Id.* Nevada Revised Statutes § 463.160 makes it unlawful to operate a sports pool without the required "federal, state, county, and municipal gaming licenses or

registrations," but Nevada only challenges Polymarket's lack of a state license, and therefore its complaint does not trigger federal question jurisdiction. We agree with the district court that "law" as used in Nev. Rev. Stat. § 465.086 refers to Nevada state law. Polymarket's argument that the Commodity Exchange Act preempts Nevada gaming law is an affirmative defense, which cannot by itself give rise to federal question jurisdiction, "even if both parties concede that the federal defense is the only question truly at issue." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Negrete v. City of Oakland*, 46 F.4th 811, 817 (9th Cir. 2022). Polymarket has not shown it is likely to succeed on the merits of this argument.

Polymarket's argument that it was acting under the direction of a federal officer at the Commodity Futures Trading Commission similarly fails. Polymarket's actions merely demonstrate its own compliance with federal law, which cannot alone show that it is acting under a federal officer. *See Riggs v. Airbus Helicopters, Inc.*, 939 F.3d 981, 985 (9th Cir. 2019). And *Chevron USA Inc. v. Plaquemines Parish*, 146 S. Ct. 1052 (2026), is not directly applicable and would not change our conclusions here. *See* 146 S. Ct. at 1057 ("No party disputes that Chevron 'act[ed] under' federal officers when it performed its refining duties. We thus decide only whether this suit . . . 'relat[es] to' Chevron's wartime aviation-gasoline refining."). Accordingly, Polymarket has not shown it is likely to succeed on the merits.

2

As for the other factors, litigating in state court does not inflict irreparable harm on Polymarket. Having to litigate the enforcement action in state court rather than federal court is not necessarily a harm, let alone an irreparable one. Neither does the balance of equities and public interest favor Polymarket. Principles of federalism and comity tip the balance of hardships and public interest in favor of allowing Nevada to enforce its laws in state court. *Cf. Bush v. Gore*, 531 U.S. 98, 112 (2000) (Rehnquist, C.J., concurring) ("In most cases, comity and respect for federalism compel us to defer to the decisions of state courts on issues of state law."). For these reasons, Polymarket's motion for a stay pending appeal (Dkt. 5) is **DENIED**.

3