**No. 26-1343**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

STATE OF NEVADA ex rel. NEVADA GAMING CONTROL BOARD,

*Plaintiff-Appellee*,

v.

BLOCKRATIZE INC. d/b/a POLYMARKET; QCX LLC d/b/a POLYMARKET US; and ADVENTURE ONE QSS INC. d/b/a POLYMARKET,

*Defendants-Appellants*.

On Appeal from the United States District Court for the District of Nevada, No. 3:26-cv-00089 (Hon. Miranda M. Du)

# PLAINTIFF-APPELLEE'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF

Nicole A. Saharsky
Minh Nguyen-Dang
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000

Aaron D. Ford
Attorney General of Nevada
Jessica E. Whelan
Chief Deputy Solicitor General—Litigation
Sabrena K. Clinton
Senior Deputy Attorney General
State of Nevada,
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420

*Attorneys for Plaintiff-Appellee*

Pursuant to Federal Rule of Appellate Procedure 27 and Ninth Circuit Rules 27-1 and 31-2.2(b), Plaintiff-Appellee State of Nevada ex rel. Nevada Gaming Control Board (the Board) respectfully moves for an extension of time to file its response brief until 30 days after this Court's forthcoming rulings in *KalshiEX LLC v. Assad*, No. 25-7516 (*Kalshi*), *North American Derivatives Exchange, Inc. v. Nevada*, No. 25-7187 (*Crypto.com*), and *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831 (*Robinhood*). Defendants-Appellants Blockratize, Inc., QCX LLC, and Adventure One QSS Inc. (collectively, Polymarket) oppose this motion.

1. Polymarket operates a "prediction market" on which it offers event contracts on sports, elections, and entertainment-related events. Although offering these contracts constitutes gaming under Nevada law, Polymarket does not possess a Nevada gaming license or otherwise comply with Nevada gaming law. D. Ct. Dkt. No. 1-3, at 6. The Board accordingly brought a civil enforcement action against Polymarket in Nevada state court, contending that Polymarket is violating Nevada gaming law and seeking declaratory and injunctive relief. D. Ct. Dkt. No. 1-3, at 9-12.

2. Polymarket removed the action to the District Court for the District of Nevada. D. Ct. Dkt. No. 1. Polymarket asserted removal based on the federal-officer removal statute, 28 U.S.C. § 1442, and federal-question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1, at 13. The Board moved to remand, Dkt. No. 7, and the district court granted that motion, Dkt. No. 41.

3. Polymarket has appealed the district court's remand order. D. Ct. Dkt. No. 45. Its opening brief originally was due on May 26, 2026. Dkt. No. 2. Polymarket requested, and the Court granted, a 30-day extension of time to file its opening brief. Dkt. No. 14. Polymarket filed its opening brief on June 25, 2026. Dkt. No. 16. The Board's response brief currently is due on July 27, 2026.

4. The Board requests an extension of time to file its response brief until 30 days after this Court's forthcoming rulings in *Kalshi*, *Crypto.com*, and *Robinhood*. This Court has granted an essentially identical extension request in *Nevada v. KalshiEX LLC*, No. 26-1304, Dkt. No. 25. That case is on all fours with this one: The Board brought an enforcement action against a prediction market operator; the defendant removed the case to federal district court; the district court remanded the case; and the defendant appealed the remand order. This Court extended the briefing schedule in light of the forthcoming decisions in *Kalshi*, *Crypto.com*, and *Robinhood*, and should do the same here.

5. Specifically, as the Court recognized in granting the motion brought by Kalshi, the resolution of the *Kalshi*, *Crypto.com*, and *Robinhood* appeals could bear on the issues in this case. The plaintiffs in those cases are prediction markets that seek to enjoin Nevada from enforcing its gambling laws with respect to their event contracts. Like Polymarket, the plain-

tiffs contend that their contracts are "swaps" under the Commodity Exchange Act and that the Act preempts Nevada gaming law. This Court heard oral argument in the three appeals on April 16, 2026. *Kalshi*, No. 25-7516, Dkt. No. 166; *Crypto.com*, No. 25-7187, Dkt. No. 131; *Robinhood*, No. 25-7831, Dkt. No. 136. Although this appeal concerns whether Polymarket's case belongs in federal court – as opposed to the merits of Polymarket's preemption defense – the Court's decisions in *Kalshi*, *Crypto.com*, and *Robinhood* could clarify the extent of federal regulatory jurisdiction over the event contracts at issue, which is relevant to Polymarket's asserted grounds for removal.

6. The requested extension would not prejudice Polymarket, which would be able to respond to any discussion of the Court's rulings in its reply brief. The extension would ensure that the parties have the benefit of this Court's views before filing all briefs, avoid the prospect of supplemental briefing following this Court's related rulings, and potentially narrow the issues on appeal.

7. The extension additionally is warranted because the Board's counsel have many other professional obligations during this period. These include:

- Hearing regarding motion to compel discovery in *North American Derivatives Exchange, Inc. v. Nevada*, D. Nev. No. 2:25-cv-978 (scheduled July 27, 2026);

- Hearing regarding show-cause order in *State v. KalshiEX LLC*, Nev. 1st Jud. Dist. Ct. No. 26-OC-00050-1B (scheduled July 29, 2026);
- Response brief in *Bankhead v. Wintrust Financial Corp.*, 7th Cir. No. 26-1445 (due July 31, 2026);
- Reply brief in *Maxell, Ltd. v. Samsung Electronics Co.*, Fed. Cir. No. 26-1111 (due August 7, 2026);
- Response brief in *Samsung Electronics Co. v. Ouraring Inc.*, Fed. Cir. Nos. 26-1258, -1413 (due August 13, 2026);
- Response brief in *Samsung Electronics Co. v. Ouraring Inc.*, Fed. Cir. Nos. 26-1410, -1411 (due August 27, 2026);
- Opening brief in *STIIIZY Inc. v. ITC*, Fed. Cir. No. 26-1554 (due August 28, 2026); and
- Opening briefs in *Maxell, Ltd. v. Samsung Electronics Co.*, Fed. Cir. Nos. 26-1624 and 26-1625 (due August 31, 2026).

8. This is the Board's first request for an extension of time to file the response brief.

9. Counsel for the Board contacted counsel for Polymarket's position on this motion. Counsel responded: "Polymarket US opposes the motion to hold in abeyance its remand appeal pending the outcome of merits appeals involving other parties that cannot affect the outcome of this appeal and intends to file an opposition."

## CONCLUSION

The Court should extend the due date for the Board's response brief to 30 days after this Court's decisions in *Kalshi*, *Crypto.com*, and *Robinhood*.

Dated: July 10, 2026

Respectfully submitted,

/s/ *Nicole A. Saharsky*

Nicole A. Saharsky
Minh Nguyen-Dang
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000

Aaron D. Ford
Attorney General of Nevada
Jessica E. Whelan
Chief Deputy Solicitor General—Litigation
Sabrena K. Clinton
Senior Deputy Attorney General
State of Nevada,
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(f), undersigned counsel certifies that this motion:

(i) complies with the type-volume limitation of Rule 27(d)(2) because it contains 893 words, including footnotes and excluding the parts of the motion exempted by Rule 32(f); and

(ii) complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared using Microsoft Word for Microsoft 365 and is set in Century Schoolbook font in a size equivalent to 14 points or larger.

Dated: July 10, 2026

/s/ *Nicole A. Saharsky*
Nicole A. Saharsky

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on July 10, 2026. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: July 10, 2026

/s/ *Nicole A. Saharsky*_
Nicole A. Saharsky

**DECLARATION OF NICOLE A. SAHARSKY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF**

I, Nicole A. Saharsky, declare:

1. I have personal knowledge of the matters set forth below and, if called to testify to them, could do so competently.

2. I am a partner at the law firm of Mayer Brown LLP, and I represent the Board in this case.

3. Polymarket filed its opening brief on June 25, 2026. The Board's response brief is currently due July 27, 2026.

4. The Board seeks an extension of time to file its response brief of 30 days after this Court's rulings in *KalshiEX LLC v. Assad*, No. 25-7516 (*Kalshi*), *North American Derivatives Exchange, Inc. v. Nevada*, No. 25-7187 (*Crypto.com*), and *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831 (*Robinhood).* This Court has granted an essentially identical extension request in *Nevada v. KalshiEX LLC*, No. 26-1304, Dkt. No. 25. That case is on all fours with this one: The Board brought an enforcement action against a prediction market operator; the defendant removed the case to federal district court; the district court remanded the case; and the defendant appealed the remand order. This Court extended the briefing schedule in light of the forthcoming decisions in *Kalshi*, *Crypto.com*, and *Robinhood*, and should do the same here.

5. Specifically, as the Court recognized in granting the motion brought by Kalshi, the resolution of the *Kalshi*, *Crypto.com*, and *Robinhood* appeals could bear on the issues in this case. The plaintiffs in those cases are prediction markets that seek to enjoin Nevada from enforcing its gambling laws with respect to their event contracts. Like Polymarket, the plaintiffs contend that their contracts are "swaps" under the Commodity Exchange Act and that the Act preempts Nevada gaming law. This Court heard oral argument in the three appeals on April 16, 2026. *Kalshi*, No. 25-7516, Dkt. No. 166; *Crypto.com*, No. 25-7187, Dkt. No. 131; *Robinhood*, No. 25-7831, Dkt. No. 136. Although this appeal concerns whether Polymarket's case belongs in federal court – as opposed to the merits of Polymarket's preemption defense – the Court's decisions in *Kalshi*, *Crypto.com*, and *Robinhood* could clarify the extent of federal regulatory jurisdiction over the event contracts at issue, which is relevant to Polymarket's asserted grounds for removal.

6. The requested extension would not prejudice Polymarket, which would be able to respond to any discussion of the Court's rulings in its reply brief. The extension would ensure that the parties have the benefit of this Court's views before filing all briefs, avoid the prospect of supplemental briefing following this Court's related rulings, and potentially narrow the issues on appeal.

7. The extension additionally is warranted because the Board's counsel have many other professional obligations during this period. These include:

- Hearing regarding motion to compel discovery in *North American Derivatives Exchange, Inc. v. Nevada*, D. Nev. No. 2:25-cv-978 (scheduled July 27, 2026);
- Hearing regarding show-cause order in *State v. KalshiEX LLC*, Nev. 1st Jud. Dist. Ct. No. 26-OC-00050-1B (scheduled July 29, 2026);
- Response brief in *Bankhead v. Wintrust Financial Corp.*, 7th Cir. No. 26-1445 (due July 31, 2026);
- Reply brief in *Maxell, Ltd. v. Samsung Electronics Co.*, Fed. Cir. No. 26-1111 (due August 7, 2026);
- Response brief in *Samsung Electronics Co. v. Ouraring Inc.*, Fed. Cir. Nos. 26-1258, -1413 (due August 13, 2026);
- Response brief in *Samsung Electronics Co. v. Ouraring Inc.*, Fed. Cir. Nos. 26-1410, -1411 (due August 27, 2026);
- Opening brief in *STIIIZY Inc. v. ITC*, Fed. Cir. No. 26-1554 (due August 28, 2026); and
- Opening briefs in *Maxell, Ltd. v. Samsung Electronics Co.*, Fed. Cir. Nos. 26-1624 and 26-1625 (due August 31, 2026).

8. Counsel for the Board contacted counsel for Polymarket's position on this motion. Counsel responded: "Polymarket US opposes the motion to hold in abeyance its remand appeal pending the outcome of merits appeals involving other parties that cannot affect the outcome of this appeal and intends to file an opposition."

9. Counsel for the Board have exercised diligence in this matter and will continue to do so, and will file the response brief within the time requested.

I declare under penalty of perjury that the foregoing is true and correct. Executed July 10, 2026 in Washington, DC.

Dated: July 10, 2026

/s/ *Nicole A. Saharsky*
Nicole A. Saharsky