No. 26-1343

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

State of Nevada *ex rel.* Nevada Gaming Control Board,

*Plaintiff-Appellee,*

*v.*

Blockratize Inc. d/b/a Polymarket; QCX LLC d/b/a Polymarket US; Adventure One QSS Inc. d/b/a Polymarket,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Nevada
(Hon. Miranda Du)
No. 3:26-cv-00089

## DEFENDANTS-APPELLANTS'
## MOTION FOR RECONSIDERATION
## OF ORDER STAYING APPEAL

Mark A. Hutchison
Joseph C. Reynolds
HUTCHISON & STEFFEN, PLLC
100 West Liberty Street, Suite 765
Reno, Nevada 89501
Telephone: 775.853.8746
mhutchison@hutchlegal.com
jreynolds@hutchlegal.com

Adam P. Laxalt
COOPER & KIRK, PLLC
1523 New Hampshire Avenue NW
Washington, D.C. 20036
Telephone: 202.220.9600
alaxalt@cooperkirk.com

Thomas H. Dupree Jr.
Jacob T. Spencer
Adam I. Steene
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, D.C. 20036
Telephone: 202.955.8500
tdupree@gibsondunn.com
jspencer@gibsondunn.com
asteene@gibsondunn.com

Orin Snyder
Matthew Benjamin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
osnyder@gibsondunn.com
mbenjamin@gibsondunn.com

*Attorneys for Defendants-Appellants*

## INTRODUCTION

Defendants-Appellants are pursuing this remand appeal to vindicate their right to litigate issues of federal law in federal, not state, court. After Defendants filed their opening brief, Plaintiff-Appellee moved to stay the appeal indefinitely because (1) at some point, this Court will issue a ruling in a consolidated set of unrelated appeals that will not and cannot resolve the appeal in this case; and (2) Plaintiff's counsel is busy. Neither justified holding this appeal in abeyance. In an unreasoned order, however, the Court granted the motion. Dkt. 24. Because the order indefinitely staying this appeal is inconsistent with decisions of this Court, Defendants respectfully request that the Court reconsider its ruling holding the appeal in abeyance and that the Court deny Plaintiff's motion. *See* 9th Cir. R. 27-10(b).[1]

## BACKGROUND

Defendants removed this action to federal court in early February 2026, invoking the federal officer removal statute, 28 U.S.C. § 1442(a), and federal-question jurisdiction, *id.* § 1331. The district court granted Plaintiff's motion to remand in early March, Defendants timely noticed an appeal of the remand order, and Defendants filed their opening brief in this Court in June. On July 10, Plaintiff

---

[1] Because Plaintiff's response brief was due July 27, Defendants do not object to a 30-day extension of Plaintiff's deadline to respond.

moved to stay this appeal pending the Court's resolution of the appeals from a district court's denial of preliminary injunctions in *KalshiEX LLC v. Assad*, No. 25-7516, *North American Derivatives Exchange, Inc. v. Nevada*, No. 25-7187, and *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831. Dkt. 22.1. Defendants are not parties to these appeals, which were consolidated for argument and which have been pending since last year. Defendants opposed the motion. Dkt. 23.1. The Court granted the motion on July 14.

## ARGUMENT

**A.** Staying one case pending the resolution of another is the exception, not the rule. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109–10 (9th Cir. 2005). Before issuing such a stay, a court must consider both "the balance of hardships between the parties" and "the prospect of narrowing the factual and legal issues." *Id.* at 1112; *see Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (this standard applies to "every court"). Neither consideration warranted an indefinite stay of this appeal.

*First*, the balance of hardships tips heavily against holding this appeal in abeyance. Despite Defendants' ongoing efforts to return to federal court, the state court has adjudicated disputed questions of federal law and entered a preliminary injunction against Defendant Polymarket US. Opp. 1, 3. The issuance of this kind of "equitable penalt[y]" indicates that there is at least "a fair possibility that the stay

- 2 -

will work damage." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (internal quotation marks omitted); *see* Opp. 3.

A stay was therefore permissible only if Plaintiff "made out 'a clear case of hardship or inequity'" from this appeal proceeding. *Lockyer*, 398 F.3d at 1112 (quoting *Landis*, 299 U.S. at 255). It did not. Plaintiff's counsel's "many other professional obligations," Mot. 3, do not justify an indefinite stay of proceedings, *Lockyer*, 398 F.3d at 1112 ("being required to defend a suit" is not a "clear case of hardship or inequity"); Opp. 4. And if proceeding with this appeal before resolution of the unrelated appeals posed Plaintiff hardship, Plaintiff should have sought an abeyance months ago—those appeals have been pending since long before this one. Opp. 4.

*Second*, resolution of the unrelated appeals "is unlikely to decide, or to contribute to the decision of, the factual and legal issues" in this appeal. *Lockyer*, 398 F.3d at 1113. That is, this Court's forthcoming *merits* decision will have no effect on its decision in this *remand* appeal. After all, federal-officer jurisdiction (one basis for removal) requires only a "colorable" federal defense, and Polymarket US's preemption defense will remain colorable regardless of whether this Court determines that it "is in fact meritorious." *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014); *see* Opp. 6–7. And, as all parties agree, a preemption defense—no matter how meritorious—cannot create federal-question jurisdiction. The district

court had federal-question jurisdiction here because Plaintiff's claims necessarily raise contested questions of federal law—and will continue to do so, however this Court resolves preemption on the merits. *See* Dkt. 16.1, at 48–54. In short, no matter how the Court resolves the unrelated appeals on the merits, the questions at issue in this appeal will remain exactly the same.

**B.** Plaintiff's stay motion did not assert that it would suffer any hardship or inequity from briefing this appeal or offer any hint as to how the outcome of the unrelated appeals "could bear on the issues in this case." Mot. 2; *see also id.* (suggesting, without explanation, that the merits are "relevant to Polymarket's asserted grounds for removal"). Instead, Plaintiff's motion boiled down to the observation that the Court recently granted an opposed motion by Kalshi, an unrelated defendant in a different remand appeal, to stay Kalshi's appeal pending resolution of the unrelated appeals. *See* Mot 1; Opp. 2. But staying that appeal did not justify staying this one, for at least three reasons.

*First*, resolution of the unrelated appeals would in fact streamline Kalshi's remand appeal in ways that are inapplicable to this appeal. Not only is Kalshi a party to the unrelated appeals, but its removal arguments mirror its merits arguments. Opp. 5–6 & n.2. For example, Kalshi cannot succeed on its complete preemption theory of removal if this Court rejects ordinary preemption on the merits. *Id.* at 5. The same is not true here. Defendants removed based on federal-officer and *Grable*

- 4 -

theories, neither of which overlaps with the merits of Kalshi's case—meaning that it was error to treat Kalshi and Defendants as similarly situated. *See Landis*, 299 U.S. at 255 ("[o]nly in rare circumstances" may a court "compel an unwilling litigant to wait upon the outcome of a controversy *to which he is a stranger*" (emphasis added)); *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 61 (3d Cir. 2023) (the "decision whether to grant a motion in an individual case depends on the record in that case and not others" (alteration adopted)).

The Ninth Circuit has already recognized that Kalshi's remand appeal is connected to the unrelated appeals in a way this appeal is not. After Kalshi and Defendants separately moved for stays of the respective remand orders, the Court set Kalshi's stay motion for oral argument on the same date—and before the same panel—as the unrelated appeals, but did not set Defendants' motion for argument at all. *See State of Nevada v. KalshiEX, LLC*, No. 26-1304 (9th Cir.), Dkt. 15. If that disparate treatment was appropriate there, it is appropriate here, too.[2]

*Second*, treating Kalshi's and Defendant's dissimilar appeals as alike results in serious unfairness to Defendants. Unlike Defendants, Kalshi and Plaintiff have

---

[2] Plaintiff would be hard-pressed to disagree: The grounds for removal in the two cases are so different that Plaintiff has sought to dismiss Kalshi's appeal for lack of appellate jurisdiction but has not done the same with Defendants. *See* Oral Argument at 17:12–17:21, *Nevada v. KalshiEX*, No. 26-1304 (9th Cir. Apr. 16, 2026) (Plaintiff's discussion of this difference), https://www.ca9.uscourts. gov/cases/streams-videos/archive?case=26-1304&hearingDate=2026-04-16.

already been afforded the opportunity to brief the merits of the preemption issue in federal court and to be heard at oral argument on *remand issues*. Worse, Kalshi and Plaintiff both used that oral argument to discuss the substance of *Defendants'* remand appeal, addressing the differences between—and their views about the relative merits of—this appeal and Kalshi's appeal. Oral Argument at 16:51–17:20, 22:59–23:12, *Nevada v. KalshiEX*, No. 26-1304 (9th Cir. Apr. 16, 2026). By incorrectly treating Defendants as similarly situated to Kalshi, the stay order has the perverse result of depriving Defendants—and only Defendants—of the opportunity to be heard on their own appeal in a timely manner.

*Third*, the litigation decisions of a third party may not be imputed onto Defendants. Even assuming Kalshi believed that it *would* be harmed by an indefinite delay, it waived any such argument by requesting that delay anyway. Defendants here, however, "are not bound by the litigation choices of" Kalshi, "a distinct entity." *Baker v. Kingsley*, 387 F.3d 649, 659 (7th Cir. 2004).

## CONCLUSION

The Court should reconsider the order staying the appeal and deny Plaintiff's motion to stay this appeal pending resolution of unrelated appeals.

Dated: July 27, 2026      By: /s/ Thomas H. Dupree Jr.

Mark A. Hutchison
Joseph C. Reynolds
HUTCHISON & STEFFEN, PLLC
100 West Liberty Street
Suite 765
Reno, Nevada 89501
mhutchison@hutchlegal.com
jreynolds@hutchlegal.com
(775) 853-8746

Adam P. Laxalt
COOPER & KIRK, PLLC
1523 New Hampshire Avenue NW
Washington, D.C. 20036
alaxalt@cooperkirk.com
(202) 220-9600

Thomas H. Dupree Jr.
Jacob T. Spencer
Adam I. Steene
GIBSON, DUNN & CRUTCHER LLP
1700 M Street NW
Washington, D.C. 20036
tdupree@gibsondunn.com
jspencer@gibsondunn.com
asteene@gibsondunn.com
(202) 955-8500

Orin Snyder
Matthew Benjamin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
osnyder@gibsondunn.com
mbenjamin@gibsondunn.com
(212) 351-4000

*Attorneys for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this response complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the type volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,415 words, according to the count of Microsoft Word.

*/s/ Thomas H. Dupree Jr.*
Thomas H. Dupree Jr.